# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                        No. CR 98-391 LH

MEL LAMBERT VELARDE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court for hearing on June 11-12 and August 16, 2001, on Defendant's Motion to Preclude Expert Testimony and Request for a Daubert Hearing (Docket No. 162), filed November 21, 2000, and Government's Motion to Preclude the Testimony of Dr. William Foote and Request for Daubert Hearing (Docket No. 175), filed March 9, 2001.  The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the Motions shall be **granted in part** and **denied in part.**

Defendant seeks, among other things, to preclude the testimony of Dr. Charlene McGiver. The Government has indicated, in its brief, at the hearing on June 11, 2001, and again at the hearing on August 16, 2001, that it will not call Dr. McGiver as a witness.  (Resp. at 1.)  Therefore, that part of Defendant's Motion seeking to preclude Dr. McGiver's testimony shall be denied as moot.

Defendant also seeks to preclude testimony by Dr. Renee Ornelas regarding her diagnosis of child sexual abuse and her belief in the alleged child victim's claim of sexual abuse.  Such testimony is not reliable and shall not be permitted.  *See United States v. Velarde*, 214 F.3d 1204,  1210 (10th

Cir. 2000), *citing United States v. Charley*,189 F.3d 1251, 1266 (10th Cir. 1999)(if diagnosis was based on the girls' medical symptoms, questions surrounding the reliability of such a conclusion arise; if the diagnosis was based on the girls' allegations, Dr. Ornelas was merely vouching for the credibility of the child complainants).  Accordingly, that part of Defendant's Motion seeking to preclude Dr. Ornelas' testimony regarding her diagnosis and her belief of the child complainant's claim of sexual abuse shall be granted.

Defendant also seeks to preclude testimony by Dr. Ornelas regarding the general patterns of behaviors that child victims of sexual abuse sometimes exhibit.  The Court heard testimony regarding the qualifications and experience of Dr. Carole Jenny, Dr. Ornelas and Dr. Navar, on June 11-12, 2001, and Dr. Foote on August 16, 2001.

Dr. Jenny, an expert witness for the United States, is a professor of pediatrics.  Her testimony provides a basis for Dr. Ornelas' testimony regarding patterns of behavior.  Dr. Jenny established by testimony that there is substantial peer-reviewed literature regarding patterns of behavior in child victims of sexual abuse.

Dr. Ornelas, an expert witness for the United States, is the pediatrician that examined the child complainant after the alleged sexual abuse.  Dr. Ornelas has more than 14 years of experience in the diagnosis and treatment of child sexual abuse and is familiar with peer-reviewed psychological literature relating to behavioral changes relevant to child sexual abuse.  Based on her qualifications, experience, personal knowledge of behavioral characteristics of child sex abuse victims, and her familiarity with peer-reviewed psychological literature, I conclude that Dr. Ornelas' testimony about patterns of behavior in child sex abuse victims is reliable and relevant.

Dr. Navar, an expert witness for Defendant, testified that these general patterns of behavior are not consistent with sexual abuse.  However, he is merely quibbling over semantics.  Dr. Navar testified that such behavior could result from sexual abuse or other non-sexual abuse causes, and that such behavior does not necessarily result from sexual abuse.  Dr. Foote, also an expert witness for Defendant, similarly testified that these patterns of behavior could result from other, non-sexual abuse causes.

I find that testimony of behaviors that a child may exhibit which are consistent with, but not determinative of, sexual abuse to be reliable and relevant.  That part of Defendant's Motion seeking to preclude Dr. Ornelas' testimony regarding general patterns of behavior shall be denied.   *See United States v. Charley,* 189 F.3d 1251, 1264 (10th Cir. 1999)(not an abuse of discretion to allow expert to summarize the medical evidence and express an opinion that the evidence is consistent with the victim's allegations of sexual abuse and allowing the expert to inform the jury of characteristics in sexually abused children and describe the characteristics the alleged victim exhibits ); *Hellums v. Williams*, Nos. 00-2100 and 00-2109, slip op. at 6 (10th Cir. Aug. 8, 2001)(in abuse cases, experts are allowed to testify that an alleged victim suffers from symptoms consistent with sexual abuse)

Defendant does not object to testimony by Dr. Ornelas relating to areas of medical  nature. Those areas are a) the sexual abuse evaluation and examination process that Dr. Ornelas and her staff ordinarily perform and the process they performed in this particular case, b) the child complainant's statements for the purpose of medical diagnosis, c) that the child complainant's physical examination was "normal," d) that in about 85 percent of child sexual abuse cases, a "normal" examination is the finding, e) that a "normal" physical examination is not necessarily inconsistent with a claim of sexual abuse, f) explanations for the absence of physical "abnormal" findings, and g) that different degrees

-3-

of trauma to female genitalia result in different physical findings and different rates of healing.  Having heard testimony regarding Dr. Ornelas' qualifications and experience, I find that her testimony relating to these areas is relevant and reliable and shall be permitted.

The United States seeks to preclude the testimony of Dr. Foote claiming that he is unqualified to opine regarding the significance of pattern-of-behavior evidence that the Government plans to introduce through the testimony of Dr. Ornelas.  Based on his qualifications, experience, and his familiarity with peer-reviewed psychological literature, I find that Dr. Foote is qualified to testify as an expert in forensic psychology.  I also find that Dr. Foote's testimony about the various causes of patterns of behavior in children is reliable and relevant and shall be admitted.  However,  Dr. Foote will not be permitted to opine as to what caused the patterns of behavior observed in the alleged victim in this case based on his lack of personal knowledge.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Preclude Expert Testimony and Request for a Daubert Hearing (Docket No. 162), filed November 21, 2000, is **granted in part** and **denied in part.**

**IT IS ALSO ORDERED** that Government's Motion to Preclude the Testimony of Dr. William Foote and Request for Daubert Hearing (Docket No. 175), filed March 9, 2001, is **granted in part** and **denied in part.**

**UNITED STATES DISTRICT JUDGE**

-4-