IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                                                    CR No. 98-391 LH

**MEL LAMBERT VELARDE,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER;
NOTICE OF EVIDENTIARY HEARING**

**THIS MATTER** comes before the Court in connection with Defendant Mel Lambert Velarde's Superseding Motion for a New Trial (Docket No. 309), which is premised on grounds of newly discovered evidence. The purpose of this Memorandum Opinion is to discuss relevant case law and to set forth requirements for the content of presentation by the parties at an evidentiary hearing that shall occur on Wednesday, February 1, 2006 at 9:30 a.m. in the Sixth Floor Courtroom at 421 Gold, S.W., Albuquerque, New Mexico.

      Rule 33 provides that upon a motion from a defendant, the Court may vacate any judgment and grant a new trial "if the interest of justice so requires." FED.R.CRIM.P. 33. The Court is afforded discretion in making its ruling, and may weigh the evidence and assess witness credibility. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). Courts view motions for new trial with

disfavor and grant them only with great caution. *United States v. Chatman*, 994 F.2d 1510, 1518 (10th Cir. 1993)(citation omitted). The defendant has the burden of proving the necessity of a new trial. *United States v. Sasso*, 59 F.3d 341, 350 (2nd Cir. 1995).

**I.  *Brady* Discussion**

If made more than seven days after the verdict, as in this case, newly discovered evidence is the only ground on which a motion for a new trial may be granted. Ordinarily,  the Court would apply a five-part test in determining whether this evidence meets the interest of justice standard.  In *United States v. Robinson*, 39 F.3d 1115, 1119 (10th Cir. 1994), the Tenth Circuit held however, that this five-part test is inapplicable when a *Brady* violation has occurred, as is asserted now in the motion before the Court.

In the *Quintanilla* case, the defendant asserted that the United States contravened *Brady* by failing to disclose evidence gathered in a federal agent's interview, an assertion similar to that of Mr. Velarde.  In its opinion, the Tenth Circuit noted that *Brady*  claims can be a subspecies of newly discovered evidence claims. *United States v. Quintanilla*, 193 F.3d at 1148  n.9.  It further stated that the evaluation of a *Brady* claim asserted in a motion for a new trial involves application of the three elements laid out in *Brady*, and not the five-prong test utilized in typical newly discovered evidence claims.  *Id*. at n.10.  The three-part test is whether:  (1)  the prosecution suppressed evidence,  (2)  the evidence was favorable to defendant, and (3)  the evidence was material. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  This is the standard that will be applied in analyzing the *Brady* arguments now before the Court.

**A.  Whether the Prosecution Suppressed the Evidence**

In support of his motion filed on this basis, Defendant argues that just prior to the retrial, the alleged victim, L.V., made false allegations of inappropriate touching against a teacher and an assistant principal at her school and that an agent of the Federal Bureau of Investigation ("F.B.I.") was aware of this evidence before the retrial began, yet failed to disclose it to defense counsel as required.  Specifically, Defendant's motion states:  that L.V. falsely accused a teacher of inappropriately touching her on September 11, 2001 (Def.'s Mot. at 3); that the allegation prompted the principal to call the teacher, Tony Becerra, to his office where he had to defend his conduct before the principal, Bill Reese, and L.V.  (*Id.* at 3-4); that the vice-principal, Antonio Pena, investigated the allegations, at the behest of the principal, and determined them to be untrue.  (*Id.* at 4).  The motion also claims that, within a few days, L.V. made false allegations of improper touching against Antonio Pena and that these allegations were determined to be untrue.  (*Id.*).   Defendant argues that this is vital *Brady* evidence and that F.B.I. Special Agent Chimits should have disclosed this evidence to defense counsel as required by *Kyles v. Whitley*, 514 U.S. 419, 438 (1995).

In fact, none of these assertions in Defendant's motion constitutes "evidence."  The motion itself provides no actual proof that these events occurred.  These assertions are merely arguments of counsel, and form no factual basis for findings or conclusions of this Court.

In support of his motion, Defendant has proffered one affidavit, that of Phil Gallegos.  This affidavit states that in 2001, Mr. Gallegos was employed as a teacher and football coach at Dulce High School, and that he was also the National Education Association (NEA) union representative (Gallegos Aff., ¶ 1). It states that because of his status as a NEA union representative and because of his friendship with a history teacher, Anthony Bercera, at the high school, Mr. Gallegos became

3

aware, both formally and informally, that L.V. had made false allegations of inappropriate touching against Anthony Bercera and against Antonio Pena, the vice-principal at the high school (*Id.* at ¶ 2). It states that Mr. Gallegos spoke with Agent Chimits the week of September 17, 2001, alone, in the teacher's lounge of the school. (*Id.* at ¶¶ 4, 6). It states that Mr. Gallegos asked Agent Chimits if he was aware that L.V. recently had made false allegations of inappropriate touching against two individuals at the school. (*Id.* at ¶ 6).[1] It does not state specifically what the response of Agent Chimits was to this question.[2] It states that Mr. Gallegos reminded Agent Chimits of his legal obligation to fully disclose this type of evidence. (*Id.* at ¶ 9).

The affidavit of Agent Frank Chimits contradicts that of Mr. Gallegos. In paragraph 5 he states:

> ...I did not at any time have a conversation with [Phil Gallegos] of the nature described in Defendant Velarde's Motion. I was never told that L.V. had accused any person of sexual assault, or any sexual misconduct toward her, other than Mel Velarde. Indeed, no person ever made any statement to me which in any way conveyed such information, and had I received such information I would have immediately informed the Assistant United States Attorneys assigned to prosecute Mr. Velarde. Simply put, no information about L.V. wrongly accusing any person of sexual misconduct was conveyed to me.

The Court's initial task is to determine whether a conversation with the content described in the Gallegos affidavit, did or did not occur. In other words, it is incumbent upon the Court to decide whether or not the prosecution suppressed evidence. *Brady v. Maryland*, 373 U.S. at 87. If Agent Chimits failed to disclose *Brady* evidence to the attorneys prosecuting the case, it is still considered

---

[1] This statement, that Mr. Gallegos "asked Agent Chimits if he was aware that L.V. recently made false allegations of inappropriate touching against two individuals at the school" is directed at knowledge of Agent Chimits, but falls short of proving that any such false allegations occurred.

[2] The affidavit also states that Mr. Gallegos told Agent Chimits that the Jicarrilla police officers who initially investigated L.V.'s allegations against Defendant had themselves been involved in allegations of misconduct, including allegations of sexual misconduct with minors. (Aff., ¶ 8). Defendant has not relied upon this averment in his motion for a new trial, so it is not discussed herein.

a prosecutorial suppression of evidence.[3]  At the hearing set herein, the parties shall be prepared to present substantive evidence as to the specific content of a conversation between Gallegos and Chimits, in order that the Court can make a factual finding on the first *Brady* prong.

### B.  Whether the Evidence Was Favorable to Defendant

In *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court held that the principles of *Brady* apply not only to "substantive" evidence of guilt or innocence, but also to evidence that goes to the credibility of key witnesses.  Relying on *U.S. v. Bagley*, 473 U.S. 667, 676 (1985), the Tenth Circuit has stated that "because impeachment is integral to a defendant's constitutional right to cross-examination, there exists no pat distinction between impeachment and exculpatory evidence under *Brady*."  *United States v. Buchanan*, 891 F.2d 1436, 1443 (10th Cir. 1989).  The *Buchanan* court explained when nondisclosure of impeachment evidence will amount to a *Brady* violation, sufficient to mandate a new trial.  First, the evidence must be material to guilt.  Second, the evidence must not be merely cumulative.  Finally, the witness sought to be impeached must be key to the government's case.  *United States v. Buchanan*, 891 F.2d at 1443-1444.  Defendant seeks to introduce evidence he contends impeaches the credibility of the alleged victim, L.V.  Given the importance of her testimony in this case, in part due to the absence of physical evidence of sexual abuse, which resulted in a "she-said-he-said" trial, as conceded by the United States, nondisclosure of such impeachment evidence, if established, would satisfy this second *Brady* prong.

---

[3] The case of *Kyles v. Whitley*, 514 U.S. at 438 rejected the argument that *Brady* does not apply to evidence known only to police investigators and not to the prosecutor.

### C.  Whether the Evidence was Material

While the United States does not contest that this evidence would be favorable to Defendant and is indeed potentially *Brady* material, it does strongly contest the materiality of Defendant's proposed evidence.  (Surreply at 3).  The United States argues that false accusations of others by L.V. are "factually unrelated" to the acts for which Defendant was convicted, and are therefore immaterial.  (Surreply at 3-4).  The United States points out that L.V.'s alleged accusations greatly post-date the occurrence of Mr. Velarde's own alleged criminal wrongdoing, and that said accusations do not favorably and materially relate to the occurrence or non-occurrence of specific acts that Mr. Velarde has been accused of committing, or to the sentence imposed by the Court.  The United States argues that on these grounds, materiality under *Brady* is not established.  *Id.*

Defendant counters that the impeachment evidence at issue goes directly to L.V.'s tendency to fabricate allegations of wrongdoing, and that it implicates the main issue before the jury, *i.e.*, the veracity of L.V.  (Resp. to Surreply at 5).

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *United States v. Page*, 828 F.2d 1476, 1479 (10th Cir. 1987)(emphasis omitted; quoting *Brady v. Maryland*, 373 U.S. at 87).  Suppressed evidence is deemed material " 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability  sufficient to undermine confidence in the outcome.' "  *Id.* (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985).  The question of materiality is whether in the absence of the new evidence, the defendant "received a fair trial, understood as a verdict worthy of confidence." *Kyles*

*v. Whitley*, 514 U.S. at 434. In making this determination, the significance of the suppressed evidence must be viewed in relation to the record as a whole. *United States v. Thornbrugh*, 962 F.2d 1438, 1444 (10th Cir. 1992). What might be considered insignificant evidence in a strong case might suffice to disturb an already questionable verdict. *United States v. Agurs*, 427 U.S. 97, 112-13 (1976).

## II.  Instructions to Counsel Regarding Proof to Be Presented at the Hearing

In the event that the Court is convinced that this conversation, as described by Mr. Gallegos, did in fact occur, and that indeed the prosecution did suppress evidence, the parties shall be prepared at the hearing to argue about, and present evidence relevant to, whether or not this undisclosed evidence was (1) material, exculpatory evidence that would be admissible at trial, or, (2) material, exculpatory evidence that may itself be inadmissible, but is "so promising a lead to strong exculpatory evidence that there could [have been] no justification for withholding it. *Ellsworth v. Warden*, 333 F.3d 1, 5 (1st Cir. 2003).

Specifically, Defendant shall be ready to present whatever evidence he intends to put on at trial, constituting material and admissible proof that L.V.:  (1) made allegations of inappropriate touching or other sexual misconduct by Mr. Bercera and Mr. Pena, and (2) that such allegations were indeed false, as well as any and all other new evidence he intends to present at trial to impeach L.V.'s credibility.  For *Brady* purposes, Defendant must establish a connection between the Chimits-Gallegos conversation, and strong, exculpatory, *admissible* evidence to which it would have lead. In order for the Court to take the drastic step of ordering a third trial for Mr. Velarde, Defendant must be able, *at the hearing,* to actually present the substantive, strong, exculpatory, *admissible* evidence that he intends to present at trial, *i.e.*, the "new evidence" on which he has based his motion.  The Court must

7

be satisfied that this new evidence is likely to lead to a new result or that it "undermines confidence in the outcome of the trial." The Court must be satisfied that this evidence will substantially differ from the evidence presented at the previous two trials. To be admitted at trial, evidence in this regard must first be presented at the hearing.

### III.  *Sinclair* **Discussion**

The parties agree that if the Court finds no *Brady* violation, Defendant's motion must be independently analyzed under the test set forth in *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997). Noting such a motion "should only be granted with great caution," the Tenth Circuit enumerated the following criteria to be applied:

> When a motion for a new trial is based on newly discovered evidence, the defendant is usually required to show that: (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal. (Citations omitted).

*Id.* One significant difference between the *Brady* and *Sinclair* standards is that the latter does not require proof that the prosecution suppressed evidence. Accordingly, even if Defendant is unable to meet his burden as to this first *Brady* prong, he may qualify for a new trial under the *Sinclair* test. As to the 4th requirement, to prevail under *Sinclair*, at the hearing Defendant would face the same problems of proof discussed above, *i.e.*, that of establishing that he is capable of presenting material and admissible proof that L.V.: (1)  made allegations of inappropriate touching or other sexual misconduct by Mrrs. Bercera and Pena, and (2)  that such allegations were false.[4]

---

[4] In footnote 2 of its Surreply, the United States emphasizes that under the *Brady* test, materiality goes to the absence of guilt or to sentencing, "a difference narrowed by the very purpose of the *Brady* mandate that

There can be little real dispute that Defendants can satisfy the first and second requirements, and the United States has not argued to the contrary. In addition to the fourth prong, the third and fifth prongs, however, provide serious hurdles for the defense. Until Defendant has actually produced the "newly discovered evidence" for the Court's consideration at the hearing, the Court is unable to decide whether or not these prongs of the *Sinclair* test have been met. In the interest of improving the quality of presentation at the hearing, however, the Court makes the following observations.

### A. Whether the New Evidence is "Not Merely Impeaching"

In order to be the basis for a new trial, newly discovered evidence must be more than merely impeaching.

Defendant argues that the United States fails to acknowledge that the term "impeaching" is qualified by the term "merely." Noting that although the Tenth Circuit has not yet confronted this issue, Defendant argues that he offers classic impeachment evidence that strikes at the heart of the Government's case and that it cannot be summarily dismissed as "merely impeaching." (Resp. to Surreply at 5-6). Although Defendant notes that the general rule is that impeachment evidence does not ordinarily warrant the granting of a new trial, he tries to discount this general rule by citing to two federal district court cases where this general rule has not been followed. The Court is troubled by

---

exculpatory information, or evidence which goes to an absence of guilt, be disclosed." The United States contrasts this test with that for materiality under *Sinclair*, which goes to "the principal issues involved" at trial. *See United States v. Quintanilla*, 193 F.3d at 1147. In making this comparison, the United States urges that materiality may exist in the context of *Sinclair*, but not *Brady*.

9

the lack of any direct support for Defendant's argument from any higher authority.[5] If Defendant has any better authority for his argument that, despite being impeaching evidence, the "newly discovered evidence" at his disposal warrants a new trial under the third *Sinclair* prong, his counsel should present it at, or in advance of, the hearing.

The United States argues that this is impeachment evidence under *Sinclair*, because its use would have no direct bearing on the occurrence of misdeeds for which Mr. Velarde was convicted, and even if accurate, would be admissible solely to cast doubt on the reliability of L.V. as a truthful witness. As such, the United States characterizes this as impermissible "merely impeaching" evidence under *Sinclair*.

This Court has found a Tenth Circuit case, with parallels to the case at bar, *Lewis v. United States*, 771 F.2d 454, 457 (10th Cir. 1985). In that case, defendant produced newly discovered evidence from a convenience store clerk (Drummond) who disputed a government rebuttal alibi witness (Eslick), who had testified at trial. On appeal, without any discussion, the *Lewis* court affirmed the trial court's denial of the motion for new trial, characterizing the evidence from Drummond as "useful only in impeaching the testimony of Eslick." *Id.. See also, Mitchell v. United States*, 368 U.S. 439, 441 (1962)(per curium)("[N]ew evidence which is merely cumulative or impeaching is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial.")(citations and quotation marks omitted).

---

[5] Although Defendant does cite the Seventh Circuit court case of *United States v. Taglia*, 922 F.2d 413 (7th Cir. 1991), that case held that impeaching evidence did not constitute newly discovered evidence warranting a new trial.

### B.  Likely to Produce an Acquittal Prong

Mr. Velarde must also establish that the new evidence is of such a nature that in a new trial it would probably produce an acquittal.  This is in contrast to the requirement under *Brady* whereby Defendant must establish that the evidence would lead to a reasonable probability of a different result.

The United States argues that it is quite unlikely that Defendant can meet this burden, given the strength of its case, which included a previously abused victim of Defendant, who testified about a similar, planned circumstance of abuse.  The United States argues that the incident which forms the basis for the indictment in this case was not an isolated, uncorroborable occurrence and that, even if admitted, any newly discovered evidence would not produce an acquittal.

Once the Court has heard the proffered testimony by Defendant at the hearing, if necessary, it will hear further legal argument on whether or not Defendant can overcome these two hurdles under *Sinclair*.

### IV.  Setting for Evidentiary Hearing

A hearing, as specified herein, is hereby scheduled for Wednesday, February 1, 2006 at 9:30 a.m. in the Sixth Floor Courtroom at 421 Gold, S.W., Albuquerque, New Mexico.  The parties shall be prepared to present evidence and make further legal arguments in conformity with the instructions in this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

/s/ Electronically Signed
_____
**C. LeROY HANSEN**

**SENIOR UNITED STATES DISTRICT JUDGE**