IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                  CR No. 98-391 LH

**MEL LAMBERT VELARDE,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*. For the reasons that follow, the evidentiary hearing currently scheduled on February 20, 2006 is hereby **vacated**. In lieu of this hearing, the parties are instructed to submit briefs in conformity with the directions contained in this Memorandum Opinion and Order, and to appear for legal arguments before the Court on March 14, 2006.

**Discussion**

Defendant's Motion for a New Trial is pending before the Court. As discussed at length in a memorandum opinion and order filed on December 16, 2005, this motion is premised on grounds of newly discovered evidence, namely that just prior to the retrial in this matter, the alleged victim made false allegations of inappropriate touching against two individuals other than Defendant. Rather than proceed with a costly and time-consuming evidentiary hearing, as well as potentially with at least a portion of a new trial, the Court determines that it is prudent, at this juncture, to determine the

ultimate admissibility of such evidence, if established.  Furthermore, as explained below, conducting the evidentiary hearing in itself could violate the policy behind Rule of Evidence 412.[1]  FED.R.EVID. 412.  For these reasons, the question of the ultimate admissibility of Defendant's "newly discovered evidence" will be determined as soon as possible.

Rule 412(a)(1) states that evidence offered to prove that the alleged victim engaged in other sexual behavior is not admissible in any civil or criminal proceeding.[2]  It is noteworthy that this rule governs admissibility of such evidence at all criminal proceedings, not just at trials.  As discussed herein, some cases have construed the term "engaged in other sexual behavior" as encompassing evidence that establishes that the alleged victim has a history of making false accusations of sexual misconduct, or of making allegations that were later withdrawn.  The purpose of the currently scheduled evidentiary hearing is to determine whether or not the alleged victim made false accusations of sexual misconduct against individuals other than Defendant.  This Court understands it to be Defendant's intent to produce evidence at this criminal proceeding, in an attempt to establish that the alleged victim made such false accusations.  As a cautionary measure, in the interest of upholding the basic policy behind Rule 412, the Court has decided that it is imperative that the admissibility of such potential evidence be determined  prior to an evidentiary hearing,  given the fact that this policy could be violated during the course of such a hearing.  Accordingly, it is necessary to vacate the currently scheduled evidentiary hearing and  address this issue of admissibility head-on.

Stated most directly,  the Court is concerned about whether or not evidence that the alleged

---

[1] The advisory committee notes that follow Rule 412 indicate that the rule is intended to safeguard the victim against invasion of privacy, potential embarrassment, and stereotyping.

[2] This general rule is subject to exceptions set forth in section (b) of Rule 412.

victim made false accusations of sexual misconduct against individuals other than Defendant, even if established, will be ultimately admissible under FED.R.EVID. 412.  "The few federal cases on this point are divided on admissibility of such evidence."  2 Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE § 412.03[4][b] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2005).

According to Weinstein, one strain of authority holds that the alleged victim's allegations must be excluded as violating the basic policy behind the Rule, even if they are offered by the defendant to show the victim's lack of credibility, rather than past sexual conduct, while other courts hold that prior false allegations are admissible under certain circumstances.  The Court has found no Tenth Circuit precedent that is directly on point, although that would be most persuasive.

Given the as-yet unaddressed and critical nature of this Rule 412 issue, briefing by the parties on this topic would be helpful to the Court.  Accordingly, Defendant shall submit a brief tailored to this topic, no longer than ten pages in length, on or before January 26, 2006.  The United States shall file a brief in response thereto, no longer than ten pages in length, no later than February 9, 2006.  Defendant may file a reply brief, no longer than five pages in length, no later than February 23, 2006.

**WHEREFORE, IT IS HEREBY ORDERED** that the February 1, 2006 hearing in this matter is vacated, that a strictly legal hearing shall be held on Tuesday, March 14, 2006 at 1:30 pm in the Sixth Floor Courtroom at 421 Gold, S.W., Albuquerque, New Mexico, and that briefs as ordered herein shall be filed.

/S/ C. LeROY HANSEN
**SENIOR UNITED STATES DISTRICT JUDGE**